**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carey M. Baca, | No. CV-10-885-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| Steven R. Callahan, Lisa M. Callahan, Keith M. Baca; SRC Sundance, LLC; Unknown Parties named as Does 1 thru 100, | |
| Defendants. | |

Pending before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. # 4), which will be granted. The Court will screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) before it is allowed to be served. Pursuant to that screening Plaintiff's complaint is dismissed.

**I.    Screening Complaint Under 28 U.S.C. § 1915(e)(2)**

**A. Legal Standards**

**1. 28 U.S.C. § 1915(e)(2)**

Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of § 1915 outlines how prisoners can file

1 proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings not just those filed by prisoners. *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious. If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before the dismissal of the action. *See Lopez v. Smith,* 203 F.3d 1122, 1127-1129 (9th Cir. 2000) (*en banc).*

The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *see also Lopez,* 203 F.3d at 1131 n. 13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim, with leave to amend because, although it appears unlikely, it may be possible for Plaintiff to assert claims that are appropriately brought in federal court.

**II. The Complaint**

In his Complaint, on which he has obviously spent some time and care, Plaintiff sues Steven R. Callahan, Lisa M. Callahan, Keith M. Baca, SRC Sundance, LLC, and Unknown parties. In it, the Plaintiff alleges that he brings the action pursuant to Title 42 U.S.C. § 1983 for the conspiracy of the Defendants to deprive him of a constitutionally protected property interest. Plaintiff then lists a number of Arizona criminal and civil statutes and apparently claims that the Defendants have violated those statutes. He further asserts pendent state law claims for negligence, breach of fiduciary duty, fraud, civil conspiracy, conversion, intentional interference with business advantage, intentional infliction of emotional distress, and a request for compensatory and punitive damages.

/ / /

/ / /

/ / /

**III. Failure to State a Claim**

### A. Jurisdiction

Federal court have limited jurisdiction, and limitations on the court's jurisdiction must neither be disregarded or evaded. *Owen Equip. & Erection Co. V. Kroger,* 437 U.S. 365, 374 (1978). The Court is obligated to determine *sua sponte* whether it has subject matter jurisdiction. *See Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1116 (9th Cir. 2004). *See also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.")

Plaintiff's Complaint bases its claim to federal question jurisdiction on the civil rights statute, 42 U.S.C. § 1983. That statute grants relief to Plaintiffs for actions by any person "who, under color of any" state law deprives the Plaintiff of a constitutional right. To have acted under the color of state law, however, the defendants must have "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Forbes v. Rhode Island Broth. Of Correctional Officers,* 923 F. Supp. 315 (D.R.I. 1996). Thus, the Plaintiff must show in this case that the Defendants were agents of the state, meaning they acted on behalf of the state, in depriving him of his constitutional rights. This Plaintiff has not done. The Complaint only credibly alleges that the Defendants were acting on their own behalf, and not on behalf of or with the authority of any state entity in defrauding Plaintiff. Thus, the Complaint has not adequately alleged any basis to conclude that a federal court may decide Plaintiff's case.

The Plaintiff, while asserting pendent state law claims, makes no effort to argue that this Court has diversity jurisdiction over his claims against the Defendant. A review of the Complaint suggests that Plaintiff and at least some of the Defendants share the same state of domicile. Thus, diversity jurisdiction also does not appear to provide a basis for Plaintiff's claims to be brought against the Defendants in federal court. Thus, Plaintiff must amend his Complaint to assert a basis for federal jurisdiction or seek to bring his claims against Defendants in another court.

### IV. Leave To Amend

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim. Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above. Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference. Plaintiff may include only one claim per count. Should Plaintiff fail to file a First Amended Complaint within 30 days, the Clerk may dismiss this action without prejudice and without further notice from the Court.

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. # 4) is granted.

**IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 1915(e)(2) Plaintiff's Complaint is dismissed for failure to comply with Rule 8, with leave to file an Amended Complaint by **June 4, 2010**.

**IT IS FURTHER ORDERED** that if Plaintiff elects not to file an Amended Complaint by **June 4, 2010**, the Clerk shall dismiss this action without further Order of the Court.

**IT IS FURTHER ORDERED** that if Plaintiff elects to file an Amended Complaint, the Complaint may not be served until and unless the Court screens the Amended Complaint pursuant to 18 U.S.C. § 1915(e)(2).

DATED this 5th day of May, 2010.

_G. Murray Snow_
G. Murray Snow
United States District Judge