**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carey M. Baca,<br><br>    Plaintiff,<br><br>vs.<br><br>Steven R. Callahan, Lisa M. Callahan, Keith M. Baca; SRC Sundance, LLC; Unknown Parties named as Does 1 thru 100,<br><br>    Defendants. | No. CV-10-885-PHX-GMS<br><br>**ORDER** |

   Plaintiff's First Amended Complaint ("FAC"), Doc. 7, again is insufficient to state a claim. To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action[;]" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The FAC sues ten Defendants and oftentimes does little to clarify each Defendant's role in the underlying transactions. Plaintiff further fails to identify which of its claims apply to which Defendants. As a preliminary review of the FAC suggests that not all Defendants would be liable for each claim, Plaintiff's general allegations

are insufficient to put *each Defendant* on notice of the particular claims against it.  *See Jackson v. Nelson*, 405 F.2d 872, 873 (9th Cir. 1968) (affirming dismissal where the complaint did not specify which defendants took which actions); *Allied Steel & Tractor Prods., Inc. v. First Nat'l Bank of N.Y.*, 54 F.R.D. 256, 260 (N.D. Ohio 1971) (discussing that even under "liberalized pleading requirements[,]" "merely identifying a party as a defendant without alleging more" violates Federal Rule of Civil Procedure 8).  Accordingly, should Plaintiff choose to file a second amended complaint, Plaintiff must identify which Defendants are liable for which claims and must include factual detail supporting each assertion.  Therefore,

**IT IS HEREBY ORDERED** dismissing the First Amended Complaint, Doc. 7, with leave to file a Second Amended Complaint by **August 11, 2010**.

**IT IS FURTHER ORDERED** that if Plaintiff elects not to file a Second Amended Complaint by August 11, 2010, the Clerk of the Court is directed to dismiss this action without further Order of the Court.

**IT IS FURTHER ORDERED** that if Plaintiff elects to file a Second Amended Complaint, the Complaint may not be served until and unless the Court screens the Second Amended Complaint pursuant to 18 U.S.C. § 1915(e)(2).

DATED this 12th day of July, 2010.

G. Murray Snow
United States District Judge